UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
KELVIN NALLS,                              :
                                           :
            Petitioner,                    :        Civ. No. 14-5905 (RBK)
                                           :
      v.                                   :        **OPINION**
                                           :
J.T. SHARTLE,                              :
                                           :
            Respondent.                    :
_____        :

**ROBERT B. KUGLER, U.S.D.J.**

## I.  INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fairton in Fairton, New Jersey. Petitioner pled guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin and possession with intent to distribute 100 grams or more of heroin and aiding and abetting. Petitioner received a sentence of 102 months imprisonment. He is proceeding in this Court with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 9, 2014, the Court administratively terminated this action as petitioner had neither paid the $5.00 filing fee nor submitted an application to proceed *in forma pauperis*. Petitioner has now paid the filing fee. Accordingly, the Clerk will be ordered to reopen this case.

## II.  BACKGROUND

Petitioner received a 102-month prison sentence from the United States District Court for the Eastern District of North Carolina in 2012. (*See* E.D.N.C. Crim. No. 11-115.) He filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in 2013.[1] Petitioner raised ineffective assistance of counsel claims in that motion. On May 27, 2014,

---

[1] The Court takes judicial notice of the proceedings in petitioner's prior criminal and federal habeas proceedings. *See McPherson v. United States*, 392 F. App'x 938, 940 n.1 (3d Cir. 2010) (taking judicial notice of the official record of prior court proceedings).

petitioner filed a motion to amend his § 2255 motion in the Eastern District of North Carolina. He seeks to add a claim that counsel was ineffective by failing to investigate or argue that his criminal history score had been erroneously calculated by the United States Probation Office which ultimately led to a higher term of imprisonment. To date, petitioner's original § 2255 motion and his motion to amend remain pending in the Eastern District of North Carolina.

In September, 2014, petitioner filed the instant § 2241 habeas petition in this Court. Petitioner challenges the criminal history points that were placed on his pre-sentence report ("PSR") with respect to his 2012 federal conviction. Plaintiff states that the PSR improperly labeled two convictions when they should have been listed as one because they resulted from the same arrest. This resulted in petitioner having a higher number of criminal history points on the 2012 PSR. He states that this resulted in him receiving a longer sentence than he would have received had it not been for this purported miscalculation of his criminal history points by the Probation Office.

### III.   STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007) ("we construe pro se pleadings liberally.") (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas*, 517 U.S. 314, 320 (1996).

## IV.   DISCUSSION

Petitioner is challenging the sentence he received in the Eastern District of North Carolina in this § 2241 action. Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). Indeed, § 2255(e) states that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002) (citations omitted). However, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle*, 290 F.3d at 539 (citations omitted). "It is the inefficacy of the remedy, not the personal inability to

3

use it, that is determinative." *Id.* at 538 (citation omitted). "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate[.]" 119 F.3d at 251. Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.* The "safety valve," as stated in *Dorsainvil,* is a narrow one and has been held to apply in situations where the prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251).

Petitioner does not allege facts which bring him within the *Dorsainvil* exception. Petitioner does not allege in the instant habeas petition that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Indeed, his challenge is that the PSR improperly calculated his criminal history points which led to a greater sentence. Such an argument is insufficient to fall within the *Dorsainvil* exception as it relates to a challenge to how the PSR and ultimately the District Court crafted his sentence, not that petitioner is actually innocent of the crime for which he was convicted. *See, e.g.*, *United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (per curiam) ("We have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the

statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender.") (internal citation omitted), *cert. denied*, 133 S. Ct. 201 (2012); *Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (per curiam) ("Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is "innocent" of a sentencing enhancement because of an intervening change in law. Accordingly, the exception described in *In re Dorsainvil* does not apply."); *Robinson v. Hollingsworth*, No. 13-0101, 2013 WL 141441, at *2 (D.N.J. Jan. 11, 2013) ("Section 2255 is not inadequate or ineffective for Robinson's challenge to his sentencing enhancement as a career offender, however, because he does not contend that, as a result of a Supreme Court decision issued subsequent to his § 2255 motion, the conduct for which he was convicted - possession with intent to distribute cocaine, is not non-criminal."); *Crawford v. United States*, No. 12-1545, 2012 WL 5199167, at *5 (D.N.J. Oct. 19, 2012) ("The safety valve under § 2255 does not apply when an inmate challenges the enhancement of his sentence as Petitioner does here.").

Accordingly, petitioner fails to show that § 2255 is inadequate or ineffective to warrant bringing this § 2241 action in this Court. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, as previously noted, petitioner has a pending § 2255 motion in the Eastern District of North Carolina. Furthermore, he is already seeking to add a claim related to the PSR report (albeit as an ineffective assistance of counsel claim) in his motion to amend his § 2255 motion. Therefore, the Court does not find that it would be in the interest of justice to transfer

this case to the Eastern District of North Carolina as that Court already has the issues presented in this petition pending before it in petitioner's § 2255 proceedings.

### V.     CONCLUSION

For the foregoing reasons, the habeas petition will be dismissed due to a lack of jurisdiction.  An appropriate order will be entered.


DATED:     November 13, 2014

                                                s/Robert B. Kugler
                                                ROBERT B. KUGLER
                                                United States District Judge